**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-8061**

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

       v.

CLARENCE ANTWAINE ADAMS,

              Defendant – Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, District Judge.  (3:08-cv-00573-FDW; 3:06-cr-00391-FDW-1)

Submitted:  January 14, 2010          Decided:  January 22, 2010

Before MOTZ, GREGORY, and SHEDD, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Clarence Antwaine Adams, Appellant Pro Se.  William A. Brafford, Assistant United States Attorney, Dana Owen Washington, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Clarence Antwaine Adams seeks to appeal the district court's order denying relief on his 28 U.S.C.A. § 2255 (West Supp. 2009) motion. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

When the United States or its officer or agency is a party to a civil action, the notice of appeal must be filed no more than sixty days after entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "'mandatory and jurisdictional.'" Browder v. Dir., Dep't of Corr., 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)); see Bowles v. Russell, 551 U.S. 205, 214 (2007) ("[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement.").

The district court's order denying Adams' § 2255 motion was entered on the docket on December 17, 2008. Adams' notice of appeal was filed on November 5, 2009,[*] well beyond the

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the district court. See Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266, 270-72 (1988).

sixty-day appeal period.  Further, Adams did not obtain an extension of the appeal period, and he is not entitled to a reopening of the appeal period, see Fed. R. App. P. 4(a)(6).  We therefore dismiss the appeal for lack of jurisdiction.  We deny Adams' request for a certificate of appealability and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED